**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH VALJOJO KOROMA,**

        **Plaintiff,**

-vs-                                                   **Case No. 6:10-cv-734-Orl-DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**
_____

**MEMORANDUM OPINION AND ORDER**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

# Procedural History

Plaintiff filed applications for a period of disability, disability insurance benefits and Supplemental Security Income, alleging an onset of disability commencing June 5, 2005 (R. 88-92, 424-432). These applications were denied initially and upon reconsideration and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 42-45, 47-40, 415-418, 420-422, 442-506). By administrative decision dated September 29, 2009, the ALJ determined Plaintiff was not disabled (R. 10-24). The Appeals Council denied Plaintiff's request for review on March 12, 2010, making the decision of the ALJ the final decision of the Commissioner (R. 5-8). This action timely followed (Doc. No. 1), and the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. The parties have briefed the issues and the matter is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Nature of Claimed Disability

Plaintiff alleges he has been unable to work since June 5, 2005, due to lung disorder, shortness of breath, difficulty breathing, chest pains (R. 88, 100), and anxiety attacks and depression (R. 138).

*Summary of Evidence Before the ALJ*

Plaintiff was 39 years of age at the time of the ALJ's decision, with a high school education and two years of college, and past relevant work experience as a manager, mail sorter, loan originator, sales representative, sales associate, furniture salesperson, auto salesperson, carrier, sales supervisor, demonstrator, and shipping/receiving clerk (R. 17, 22, 93-94, 101, 109, 111-121, 490, 497-498).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes the opinions of state agency consultants, the forms and reports completed by Plaintiff and his wife with respect to this claim, as well as the testimony at the administrative hearing of Plaintiff, his wife, and a Vocational Expert ("VE"). By way of summary, the ALJ found that Plaintiff had impairments of reactive airway disease and musculoskeletal pain, and the record supports this uncontested finding (R. 15). The ALJ determined that these are severe impairments within the meaning of the sequential evaluation,[1] but determined that Plaintiff's " medically determinable mental impairment of adjustment disorder with depressed mood" was non-severe (R. 15). The ALJ found Plaintiff's impairments did not meet or medically equal one of the impairments listed in the Listing of Impairments (the Listings), 20 C.F.R. pt. 404, subpt. P, app. 1 (R. 16), and determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(b) and 416.967(c) "except must avoid fumes, odors, dusts, gases, or poor ventilation." (R. 16). The ALJ also

---

[1]*See* 20 CFR 404.1520(c) and 416.920(c).

found that Plaintiff was not capable of performing his past work, but, relying on the testimony of the VE, determined that there are jobs existing in significant numbers in the national economy that Plaintiff could perform, and he was, therefore, not disabled (R. 22).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R.

§ 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

## Issues and Analysis

Plaintiff contends that the ALJ erred: 1) in failing to note his mental impairment as "severe" at step two of the sequential evaluation; 2) in failing to properly evaluate his allegations of medication side effects; 3) in failing to properly evaluate his credibility; and 4) in relying on vocational testimony which was based on an incomplete hypothetical. The Court treats each, in turn.

*The finding at step two*

The ALJ determined that Plaintiff's "medically determinable impairment of adjustment disorder with depressed mood does not cause more than minimal limitation in the claimant's ability to perform basic work activities and is therefore nonsevere." (R. 15). Plaintiff objects to this finding, and contends that failure to find his mental impairment to be severe at step two warrants remand. Upon careful review, the Court does not agree.

An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 CFR

§ 404.1521.[2] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921. The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Commissioner of Social Security,* 265 F.3d 1214, 1219 (11th Cir. 2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).

Applied here, in her decision, the ALJ set forth the medical treatment for Plaintiff's mental impairment in detail (R. 15-21), and made a finding that this impairment was not "severe" at step

---

[2]Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Rodriguez v. Astrue ,* 2011 WL 486118, 3 (M.D. Fla. 2011) (internal citations omitted).

two (R. 15). The Plaintiff's burden at step two is light. However, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Heatly v. Commissioner of Soc. Sec.*, No. 09-12426, 2010 WL 2331416, at *1 (11th Cir. June 11, 2010). Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with severe impairments at step two and proceeded forward with the sequential evaluation. Thus, if Plaintiff's mental impairments should have been included as severe at step two, the omission is only error if the ALJ subsequently failed to fully account for functional limitations arising from it. The Court finds that the ALJ did, in fact, consider all of the evidence relating to Plaintiff's mental impairment at every step of the analysis, and her conclusions regarding functional limitations are supported by substantial evidence. As such, remand is not warranted.

At step two, the ALJ made specific findings that Plaintiff had only mild limitations in the areas of activities of daily living, social functioning, concentration, persistence or pace, and no episodes of decompensation of extended duration (R. 15-16). The ALJ then fully evaluated Plaintiff's mental impairment in formulating the RFC at step three (R. 16-22). In concluding that Plaintiff's mental impairment caused only mild limitations, the ALJ noted:

> The claimant was seen on a monthly basis only. The diagnosis of an adjustment disorder with disturbance of mood and the once a month appointments, suggest a non-severe psychiatric condition that may cause only mild limitations in functioning. There was nothing in the record to show that the medications were not working to stabilize his condition. The undersigned concludes that the claimant's alleged mental problem is not a severe impairment.

(R. 18).

These findings are supported by substantial record evidence.

As set forth in detail in her opinion, the ALJ summarized the treatment provided to Plaintiff for this impairment, noting that Dr. Richard M. Bunt indicated in a November 2006 letter that Plaintiff was being treated for an adjustment disorder with disturbance of mood with symptoms of anxiety and depression (R. 17, 246). Save for this one letter, there are no treatment notes of record from Dr. Bunt. The ALJ also noted an August 29, 2008 report from Lakeside Alternatives, noting Plaintiff's complaints of depression with symptoms of anxiety and sleeplessness (R. 17). Assessment was generalized anxiety disorder and major depression, single episode, moderate (R. 360). According to the evaluation, Plaintiff was fully oriented and alert, reported that he was a college student, presented as neat in appearance, was cooperative, and reported "good ADL's[3] and good communication skills." (R. 358). On the initial intake form, the examiner determined that Plaintiff needed the least restrictive form of care (R. 352). Plaintiff was prescribed medication, with monthly medication management at Lakeside.

The ALJ also discussed the treatment notes from his providers (R. 18). On mental status examinations, Plaintiff showed no hallucinations, normal speech, fair memory and concentration and adequate grooming (R. 342, 346). Plaintiff had appropriate motor activity and his insight and judgment were fair. *Id.*, *see also* R. 396 (intact judgment, insight, and memory; oriented to time, place and person; with "no depression, anxiety or agitation."). As the ALJ noted, progress notes "consistently revealed that claimant was alert and oriented times four" (R. 22).[4]

The ALJ's decision is also replete with references to Plaintiff's functional lifestyle. Plaintiff attended college full time (R. 16), including three-hour long classes (R. 319, 468). The ALJ noted that Plaintiff plays guitar and writes songs (R. 15, 465), takes public transportation to school (R. 16)

---

[3]Activities of Daily Living

[4]Additionally, the state agency psychological consultants reviewed the available medical evidence in 2007 and opined that Plaintiff's psychological symptoms were not severe (R. 247-59, 294-306).

-7-

and gets along well with others (R. 16). It was noted that he does his laundry and takes care of his personal needs (R. 15, 131-132). The ALJ noted that Plaintiff "has never been referred to or received any longitudinal psychiatric or psychological treatment, or ever experienced any medically documented difficulties with activities of daily living social functioning, concentration and task persistence, and adaptation to work or work-like situations." (R. 18). While Plaintiff points to the medication management visits with a nurse practitioner at Lakeside as psychiatric treatment, there are no records indicating that psychiatric or psychological counseling was prescribed or provided and no records of hospitalizations or other residential treatment which would indicate a serious impairment that was not being managed by the medications. Further, although Plaintiff points to other evidence indicating that Plaintiff needed more time to take his tests and missed classes occasionally due to alleged difficulties, this is of no moment. As set forth above, the findings of the ALJ need not be supported by unanimous evidence.[5]

The ALJ evaluated Plaintiff's mental impairment fully in formulating the RFC (step three), noting that there is no medical evidence demonstrating a severe impairment with vocational limitations (R. 18). As shown above, this statement is supported by substantial evidence and thus, should not be disturbed. As the ALJ also incorporated Plaintiff's depression in formulating the hypothetical presented to the VE at step five (R. 500) (noting a hypothetical person who "suffers from depression"), the Court concludes that the ALJ fully accounted for the mild limitations presented by Plaintiff's mental impairment, and no error is shown.

---

[5] For similar reasons, the Court is unmoved by Plaintiff's contention that two Global Assessment of Functioning scores belie the ALJ's conclusions. The ALJ noted the scores in her decision (R. 17), but also noted the unremarkable mental status examinations of the same dates (R. 343-44, 358-360), the lack of any hospitalizations or inpatient treatment, and Plaintiff's fully functional lifestyle. Plaintiff's activities, including the ability to use public transportation to attend college full time, and his evaluations as a good student, stand in contrast to the claim that he has significant impairment in the ability to concentrate or other significant limitations from mental impairments.

*Medication side effects*

Plaintiff next contends that he experiences side effects of drowsiness, irritability, and light-headedness, and the ALJ "failed to even address the side effects" of Plaintiff's medications "anywhere in her decision." (Doc. No. 20 at p.16).

The ALJ has a duty to elicit testimony and make findings regarding the effect of prescribed medications upon the ability to work, *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981), and the Commissioner's regulations require that in making a determination of disability the ALJ must consider the type, dosage, effectiveness and side effects of any medications. 20 C.F.R. §404.1529(c)(3)(iv). Here, Plaintiff presented testimony about his side effects at his administrative hearing (R. 469), and, the ALJ did, in fact, address the side effects in her decision (R. 20), finding:

> Although the claimant has alleged side effects from the use of medications, the record indicates generally that those side effects are mild and would not interfere with the claimant's ability to perform work activities in any significant manner.

(R. 20).

This finding is supported by substantial evidence. Treatment notes from Plaintiff's treating physicians do not include complaints of medication side effects (R. 362). *See Colon ex rel. Colon v. Commissioner of Social Sec.,* 2011 WL 208349, 2 (11th Cir. 2011) (unpublished) ("Substantial evidence supports the ALJ's decision to discredit Mr. Colon's complaints as they related to medication side effects: none of Mr. Colon's doctors reported any side effects from his medications, and he did not complain to them of any side effects."). Moreover, as noted by the ALJ, Plaintiff was noncompliant with some of his medications (R. 20, 338). One cannot experience side effects from medications one does not take. Finally, as noted above, Plaintiff's level of functionality, including attendance at college, supports the ALJ's finding of mild side effects. This Court finds the ALJ properly evaluated the allegations of side effects here.

*Credibility*

Plaintiff next contends that the ALJ "failed to provide the requisite specificity in her credibility finding." (Doc. No. 20 at p. 20).

When a claimant attempts to establish disability through his or her own testimony of subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir. 1991). "If proof of a disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote, supra*, 67 F.3d at 1562 (quotation omitted). Courts "have affirmed an ALJ's decision that a claimant's testimony as to the alleged levels of pain and symptoms he experienced was not credible where the allegations were inconsistent with activities of daily living, limited use of pain medication, and effectiveness of treatment." *Carter v. Commissioner of Social Sec.*, 2011 WL 292255, 2 (11th Cir. 2011) (unpublished), *citing Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote,* 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Here, the ALJ determined that while Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms," his "statements concerning the concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the

above residual functional capacity assessment." (R. 20).  In support of this finding, the ALJ noted: 1) Plaintiff's daily activities are "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations;" 2) although Plaintiff has received treatment, "that treatment has been essentially routine and/or conservative in nature" and treatment has been generally successful in controlling his symptoms; and 3) there are significant gaps in treatment, including no doctor visits from June 28, 2007 through February 3, 2009 (R. 20).  The ALJ supported this rationale with specific citation to the medical record, including Plaintiff's reports that certain medications were helpful.  The ALJ also noted (and the record supports) that no restrictions have been recommended by any treating provider (R. 20), and found the evidence as a whole does not substantiate any cause for the alleged debilitating pain, sufficient to preclude all work activity (R. 21).  The ALJ concluded that Plaintiff's subjective complaints:

> are not fully credible considering the claimant's own description of his activities and lifestyle, the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the claimant's demeanor at hearing, the reports of the treating and examining practitioners, the medical history, the findings made on examination, and the claimant's assertions[6] concerning his ability to work. (R. 21).

The ALJ detailed numerous medical findings "in support of these conclusions" (R. 20-21), all of which are themselves supported by the administrative record.[7]  This detailed and thorough explanation is more than sufficient to uphold the credibility finding.[8]

---

[6]Plaintiff testified at the hearing that he could walk for approximately two hours in an eight-hour day; sit for four and a half hours in an eight-hour day and stand for a couple of hours total, twenty minutes at a time, in an eight-hour day (R. 485). He also testified that he could lift thirty to forty pounds (R. 486).

[7]As summarized in the Commissioner's brief, the medical evidence shows several emergency room and doctor visits for intermittent chest pain and shortness of breath resulting from a work-related injury from an electrical fire with noxious fumes. The objective testing was essentially negative throughout. *See* R. 178-82-atypical chest pain, normal chest radiograph; R. 215-16-normal spirometry; R. 201- electrocardiogram showed some minimal wave changes during an episode of chest discomfort, but no changes during the exercise test; R. 200 - negative radiograph of the chest; R. 167- noting "extensive outpatient testing that has revealed no untoward etiologies"; R. 283 -Plaintiff's lungs were clear bilaterally and his heart was normal as well; R. 279- CT scan of Plaintiff's chest revealed no significant pulmonary embolus identified and no focal infiltrates in the lungs; R. 243- normal chest x-ray; R. 373, 386 - normal chest x-rays. While Plaintiff complained of episodic difficulty breathing, he also reported that his inhaler was helpful, as were other medications (R. 272-73).

[8]Against this detailed finding with record support, the Court is not persuaded by Plaintiff's citation to one episode of what might have been an anxiety attack at school. Substantial evidence, not uniform evidence, is all that is required.

*Hypothetical Questions*

At step five of the sequential evaluation, the ALJ relied on the VE's response to a hypothetical question in finding that Plaintiff can perform other work, as a food and beverage order clerk and a surveillance system monitor (R. 23). At hearing, the ALJ asked the Vocational Expert to assume a person of Mr. Koroma's age, education, and work experience, who:

> is able to walk for two hours in an eight-hour period, sit for approximately four and a half hours in an eight-hour period, stand 15 minutes at a time for a total of two hours in an eight hour period and lift approximately 30-40 pounds. This individual has a reaction as a result of exposure to toxic chemicals and at times has experienced obstructive airway disease and difficulty breathing and suffers from depression. The difficulty breathing, it causes problems to the lungs and the lungs lock up periodically. This individual also has these episodes about two times a week for 15 minutes and on occasion it lasts up to two hours.

(R. 500).

The VE testified that if the episodes were two hours long for each episode, such a person could not perform any of Plaintiff's past work or any other work, but if the episodes only lasted 15 minutes, the VE testified that the individual could perform some past work and other work, including work as a beverage order clerk and a surveillance system monitor (R. 501). Plaintiff contends that the hypothetical question upon which the ALJ relied in finding that there is other work in the national economy "did not comprehensively describe the limitations supported by the record" and thus, error is shown.

Case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. *Id.* at 1561 (quoting *Brenam v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)). An ALJ, however, is "not required

to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004).

Here, Plaintiff contends that the hypothetical is flawed in that it does not include the RFC limitation that Plaintiff must avoid fumes, odors, dusts, gases or poor ventilation (R. 16). Moreover, Plaintiff objects to the exclusion of Plaintiff's subjective complaints and his mental impairments.

As detailed in the analysis above, the hypothetical included all of the limitations the ALJ found to exist, and, as that finding is supported by substantial evidence, that is sufficient to support the hypothetical. *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir.1999) (holding the hypothetical question need only include the Plaintiff's functional limitations that are supported by the record). As for the failure to include the limitation of avoiding fumes, gases and odors, the hypothetical posed described an individual with a pulmonary reaction caused by exposure, with resulting breathing difficulties. As such, a limitation of avoiding lung irritants is implicit in the description provided by the ALJ. Moreover, as noted by the Commissioner, there is no showing that the jobs identified by the VE at hearing required working where fumes, gas or odors were prevalent.[9] Any error is harmless. *See, generally, Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying the doctrine of harmless error to a social security case).

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 416(i)(1),; 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. While it is clear that

---

[9]According to the Dictionary of Occupational Titles (DOT) number cited by the VE, none of the jobs identified by the VE require work in settings where such environmental conditions are ever present. *See U.S. Dep't of Labor, DOT* (4th ed. 1991) § 209.567-014, 1991 WL 671794 (food and beverage order clerk), § 379.367- 010, 1991 WL 673244 (surveillance system monitor).

Plaintiff had challenges and difficulties during the time at issue, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The decision of the Commissioner was supported by substantial evidence and was made in accordance with proper legal standards. As such, it is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record